December 18, 2019

Hon. Andrew M. Edison
United States Magistrate Judge
Southern District of Texas - Galveston Division
601 Rosenberg, Seventh Floor
Galveston, TX 77550

**VIA ECF**

**Re:** *Texas, et al. v. Azar, et al.*, **Case No. 3:19-cv-00365**

Dear Judge Edison,

We represent Plaintiffs in the above matter. Pursuant to this Court's Court Procedure 6(B) we write to request a pre-motion conference seeking leave to file a motion for partial summary judgment against Defendants U.S. Department of Health and Human Services (HHS), Secretary Alex M. Azar, II, and the United States. This letter summarizes the bases for such a motion.

Plaintiffs conferred with Defendants regarding the relief sought on December 17, 2019. Counsel for Defendants stated on December 18, 2019 that they oppose Plaintiffs' request to file a summary judgment motion before they have had an opportunity to respond to the Complaint. Plaintiffs do not believe that a conference will eliminate either this disagreement or the need for their summary judgment motion given the constitutional and statutory claims at issue, but will be ready to participate if a conference is called.

*Plaintiffs' complaint.* Plaintiffs filed suit on October 31, 2019, challenging an HHS regulation codified at 45 C.F.R. 75.300. This regulation (Section 75.300) imposes unlawful restrictions on federal Title IV-E programs, threatening the loss of funding for noncompliance.

Texas receives Title IV-E funds and administers programs that distribute these funds to eligible foster care and adoption service providers. Several faith-based providers receive Title IV-E funding through the Texas Department of Family and Protective Services (DFPS) to provide services. Some faith-based providers are religiously limited to certifying potential foster care or adoptive parents of shared beliefs or traditional family structures. Section 75.300 requires these faith-based organizations to abandon their religious beliefs as a condition of receiving Title IV-E funding. And forcing them to abandon their beliefs would directly contradict Texas law, which expressly protects religious organizations ability to participate in these programs. *See* 2 Tex. Hum. Res. Code 45.

Reinvigorating Catholic foster care is a priority for the Catholic Church in Texas. The Archdiocese of Galveston-Houston would like to serve foster children in need but has been

deterred from providing foster care services in conjunction with the State of Texas by Section 75.300.

Creating a new foster care ministry would require a substantial investment of time, money, and agency capital. Were Section 75.300 enforced either by HHS or indirectly through litigation or other administrative action, this investment would be lost. The Archdiocese is also concerned that any action seen as in violation of Section 75.300 could be cited as the basis for future enforcement actions (including by a later administration), or as part of a legal challenge to HHS's current non-enforcement of this requirement.

**Section 75.300 violates the First Amendment.** Under the Free Exercise Clause, a law burdening religious exercise is subject to strict scrutiny if it is not "neutral" and "generally applicable." *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 880 (1990). Section 75.300 is neither neutral nor generally applicable. First, the regulation gives the government discretion to grant individualized exemptions, sufficient to trigger strict scrutiny. *See* 45 C.F.R. 75.102(b); *Blackhawk v. Pennsylvania*, 381 F.3d 202, 207, 210 (3d Cir. 2004) (Alito, J.). Second, HHS has permitted categorical exemptions to Section 75.300 by exempting any subgrantee in the South Carolina foster care program from the religious non-discrimination requirement. *See Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 365 (3d Cir. 1999) (Alito, J.). Third, HHS has selectively enforced this regulation by granting South Carolina's request for an accommodation while taking no action on Texas' identical request. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 156–57 (3d Cir. 2002). Finally, Section 75.300 is not neutral because its prior enforcement has favored religious beliefs limiting an entity's ability to certify applicants from certain large faith traditions over religious beliefs that define a traditional understanding of marriage.

Section 75.300 fails the strict scrutiny standard. HHS cannot put forward an interest "of the highest order" that would explain why it is necessary to apply this regulation to the Archdiocese. Nor has HHS consistently enforced this regulation; instead, it has initiated the process of revising the regulation's provisions, and previously granted an exemption to South Carolina entities. Further, HHS has no interest in eliminating, as invidious discrimination, religious beliefs affirmed by the Supreme Court as grounded in "decent and honorable religious or philosophical premises," *Obergefell v. Hodges*, 135 S. Ct. 2584, 2602 (2015). That is particularly so where enforcement will reduce, not expand, the number of available foster homes.

Forcing the Archdiocese to comply with Section 75.300 is not the least restrictive means available for the government to further its alleged interests. Eliminating Section 75.300 better serves HHS's stated goal of maximizing the number of potential foster and adoption families—*both* LGBTQ families that seek out agencies consistent with their values, and those families that seek out certain religious foster agencies *precisely because* of their religious beliefs.

**Section 75.300 violates the Religious Freedom Restoration Act.** RFRA provides that a "[g]overnment shall not substantially burden a person's exercise of religion" unless that government can satisfy strict scrutiny. 42 U.S.C. § 2000bb-1(a)–(b). Section 75.300

substantially burdens the Archdiocese's religious beliefs by preventing it from providing any foster care ministry consistent with its sincere religious beliefs. HHS has acknowledged that this regulation burdens substantially similar beliefs of other faith-based agencies. Section 75.300 is subject to the same strict scrutiny analysis applied above, and fails to satisfy it for the same reasons.

***Section 75.300 violates the Administrative Procedure Act.*** Section 75.300 violates the APA for three reasons. *See* 5 U.S.C. § 706(2). First, the regulation contradicts and undermines the federal statutes governing Title VI-E funding. Second, HHS's claimed statutory authority did not allow promulgation of the SOGI Rule. And third, HHS acted arbitrarily and capriciously in passing Section 75.300 because its reasoning is internally inconsistent and because the agency failed to consider the best interests of children and religious liberty when enacting this rule.

***Injunctive and declaratory relief is warranted.*** Section 75.300 irreparably injures children in foster care by preventing qualified providers from partnering with DFPS. And infringement of First Amendment freedoms, and RFRA rights, are traditional irreparable injuries subject to injunctive relief. The balance of hardships and the public interest both support an injunction based on the above violations of law, where an injunction will better serve HHS's interests than Section 75.300 itself.

For economy, Plaintiffs plan to seek the above relief by a joint motion, requesting leave to file an overlong motion. At the Court's preference, Plaintiffs may also proceed by two separate motions of ordinary length.

Respectfully submitted,

/s/ Eric C. Rassbach
ERIC C. RASSBACH
Senior Counsel
Texas Bar No. 24013375
erassbach@becketlaw.org
Becket Fund for Religious Liberty
1200 New Hampshire Ave NW
Suite 700
Washington, DC 20003

*Attorney for Archdiocese of Galveston-Houston*

/s/ Will Thompson
WILLIAM T. THOMPSON
Special Counsel for Civil Litigation
Texas Bar No. 24088531
Will.Thompson@oag.texas.gov
Special Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

*Attorney for Texas and DFPS*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2019, the foregoing document was served on all counsel of record via the Court's ECM/CF system and was served via email on the following attorneys representing Defendants per Fed. R. Civ. P. 5(b):

    Mr. Benjamin T. Takemoto
    Trial Attorney
    U.S. Department of Justice, Civil Division, Federal Programs Branch
    P.O. Box 883, Ben Franklin Station, Washington, DC 20044
    btakemot@civ.usdoj.gov

    Ms. Michelle Bennett
    Assistant Branch Director
    U.S. Department of Justice, Civil Division, Federal Programs Branch
    P.O. Box 883, Ben Franklin Station, Washington, DC 20044
    mbennett@civ.usdoj.gov

                                        /s/ Eric C. Rassbach
                                        Eric C. Rassbach